Smith, J.
The material allegations of the petition in this case, are, that the relator, Crawford, is a resident taxpayer of Clinton county,Ohio. That the defendant is the township board of education of Wilson township, in said county,and by law is clothed with certain power as to the management and control of the public schools in said township; but he avers that said powers are purely of a ministerial character; and that the election or employment of teachers for the public schools in said township is vested in the subdirectors of the subdistricts respectively in said township. That on May 14, 1899, he was duly elected and employed by the local board of subdirectors of subdistrict No. 3 of said township, as teacher in the public school of said subdistrict, ata salary of 850 per month, for a term of eight months, commencing on- the — day of September, 1899. That afterwards he was duly examined by the board of county examiners and found to be qualified in every respect to teach said school, and received from said board a proper certificate, and was in every way qualified to teach said school, and^ after his said election and employment, such fact was at once certified by two members of the board of subdirectors, and said certificate filed with the township clerk. That afterwards, on June 19,. *576 1899, without such certificate being referred to and reported on by the standing committee of said board of education on teachers, as required by law, the defendant board well knowing the capacity, fitness an qualifications of relator for the position of teacher in said subdistrict, and disregarding their duty, and in violation of their obligations, did unlawfully unite, combine, conspire and confederate together to injure and greatly damage relator, and did corruptly refuse to confirm, or not confirm plaintiff’s election and employment as by law they were required to do. But while further engaged in the prosecution of such conspiracy, and with the intent aforesaid, and without cause as they well knew, and in violation of duty and obligation, and to injure relator, did unlawfully, wrongfully, corruptly and without cause, reject the election and employment of plaintiff as such teacher, which act, regardless of obligation and duty, was wrongfully accomplished by usurping and attempting the exercise of a power which did not belong to the defendant board.
That by reason of the refusal of said board to confirm the election and employment of relator, he will be. deprived of the compensation which will be due to him for his services as teacher, and being without other remedy, relator prays that a writ of mandamus issue against the defendant board directing and commanding it to confirm the election of relator as teacher in said subdistriet, and asking for such other orders as justice may require.
When the application for this writ was made, counsel for the board appeared to resist its issue, and we heard an argument from counsel on each side as to whether it should be done, no demurrer or other pleading having been filed. There is no question, we think, but that the court, or a single judge thereof (if the application was made to him), should refuse to grant even on alternative writ, if the facts stated in the petition, if true in every respect, do not justify the issue thereof.
In looking at the averments of this petition, we are of the opinion that counsel for the relator have in several respects misapprehended the express provisions of the statute as to the duties of the subdirectors of a school district, and of the board of education of the township, as to the elec *577 tion of teachers for the subdistrict, and the fixing of their compensation. As stated, the petition alleges that on May 14, 1899, he was duly elected and employed as teacher of this subdistrict by the local board, at a certain salary, and for a certain term. Sectibn 4017, Revised Statutes, as amended, volume 98, Ohio Laws, 48, gives to the board of education, as we understand, the right to fix the salaries of the teachers. It does give the right to the board of sub-districts to elect teachers in their district, “ but such election shall be subject to confirmation by a majority of the board of education,” and unless such election is confirmed by said last.mentioned board, it has no legal effect. The statute does require the certificate of election by the local directors to be filed with the township clerk, who shall refer it to th® standing committee on teachers, and such committee shall report on the same to the board of education, which shall confirm or refuse to confirm at its next regular meeting after the certificate is filed with the township clerk. If the board at such meeting fails to confirm it, the board o£ sub-directors shall elect another teacher before the next regular meeting of the board of education. If the board of sub-directors fails to do this, or the board of education fails to confirm an election by the local board before the third Monday of August of any year, the board of education shall then employ a teacher for the subdistrict.
It is averred in the petition that the certificate of election was not referred to the standing committee on teachers and reported only to the board of education. If so, this wa® the failure of the township clerk or of the committee, and was not the failure of the board. But however this may be, it is clear from the allegations of the petition, that th® matter was, in fact, acted upon by the board of education at the next regular meeting, and the appointment was not confirmed. This ordinarily would put an end to what had been done, and it was the duty of the local board to elect another teacher before the next regular meeting of th®' board of education.
These being the provisions of the statute in regard to these matters, it would seem difficult to find any authority *578 for holding that the relator was entitled to a writ of mandamus against the board of education compelling it to confirm the election of the relator as a teacher by the board of subdirectors as prayed for. So far as we can see, there is no duty imposed by any law upon the board of education to confirm the election of a teacher, made by the board of sub-directors. It is made its duty to confirm or refuse to confirm it. It has done the latter, as is admitted by the petition. Section 6741, provides that “mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board or person, commanding the performance of an act which the law specially^ enjoins as a duty resulting from an office, trust or station”. The duty to confirm this election not being specially enjoined upon the board of education by law,why should the court command it? It ¡B urged that if the board in bad faith, and wrongfully and in pursuance of a conspiracy, and with the design to injure a person, and not from pure motives, refuses to confirm such an election, it may be compelled by the courts to do so, and some very broad allegations of this kind are made against the defendants in this petition. But where, as in this case, the power is expressly conferred upon the board of education to confirm or not to confirm, we do not think that the courts are authorized to interfere. A very broad discretion is conferred upon the board as to this. Strictly speaking, the discretion thus conferred may not be judicial discretion with which the statute provides (section 6742, Revised Statutes), that the courts shall not interfere by mandamus; but it is certainly “administrative discretion”, and as we understand, is subject to the same rule. See 1 Ohio St., 80; 49 Ohio St., 301. And if is entirely clear, we think, that the allegation of the petition, that in this regard the power and authority of the board of education is purely of a ministerial character, is not well founded.
G. H. Blackburn, for the Relator.
Prosecuting Attorney, Clinton County, for Defendants.
For these reasons, the application for an alternative writ is refused.